No. 24,333.

Jennie Stafford, *Appellee*, v. Patrick Hayes, as Executor, etc.,
*Appellant.*

### SYLLABUS BY THE COURT.

Work and Labor—*Contract for Compensation—Evidence Sufficient as Against Demurrer.* The record examined and the evidence held sufficient, against a demurrer to sustain plaintiff's claim for compensation for services rendered pursuant to an oral understanding between the party, now deceased, who received the services and the plaintiff who performed them that the latter would be well compensated therefor.

Appeal from Atchison district court; William A. Jackson, judge. Opinion filed June 9, 1923. Affirmed.

*Hugo Orlopp, P. Hayes,* both of Atchison, and *James A. Troutman,* of Topeka, for the appellant.

*Charles J. Conlon,* of Atchison, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This was an action by Jennie Stafford against the executor of the estate of the late A. W. Simpson, of Atchison, for personal services by her rendered to Simpson during his declining years and during his last illness. She based her right thereto upon Simpson's oral promise that at his death she should receive a certain residence property and be otherwise compensated.

The executor resisted her claim, issues were joined, and the cause was tried before a jury.

The general verdict was in favor of plaintiff, and the special findings of the jury read:

"Q. 1. How long did the claimant render services for the deceased, if you find that she did render any services to him? Give the period in months. A. Sixty-one months.

"Q. 2. Was there a contract or agreement entered into between the claimant and the deceased, whereby the claimant was in some way to be compensated for any services she might render the deceased? A. Yes.

"Q. 3. If you find there was such an agreement between the claimant and the deceased, how and what method was the claimant to be compensated for any services which she might render thereunder? A. The home and full compensation.

"Q. 4. What do you find was the fair value of the services if any were rendered by the claimant for the deceased worth? A. $3,050 with interest thereon at the rate of six per cent per annum from the 3rd day of June, 1919.

"Q. 7. Did the claimant expect to be compensated by the deceased for the services she was about to render him? A. Yes."

Judgment was entered accordingly and the defendant appeals, contending that the demurrer to plaintiff's evidence should have been sustained. The contention is not good. Among the plaintiff's witnesses was a former governor of this state, a friend of the deceased, who among other matters testified:

"Simpson talked to me with reference to arrangement with claimant. I said: 'Mr. Simpson, you are being well taken care of and it is fortunate for you'; he said she would be rewarded, and he did not say how much but he left the impression on me that this kind attention and sympathetic service would be rewarded; he said that he would see that she was rewarded.

"Simpson had two severe sicknesses; was sick most of the time from 1914 to 1919. When claimant said Simpson had had a bad night I would go over. Was there a good many times between sicknesses. . . . Saw claimant help get the old man's bed fixed; waited on him; brought him food; gave him attention a wife would give a husband or a sister would give a brother. Think to a man situated like Simpson without kin, the services rendered by claimant would be mighty valuable. He was a peculiar man; did not have many very close friends; was much alone; rather selfish; felt he would have suffered if some one had not looked after him. He was fortunate to have a woman like claimant to look after him. . . . Was there when he was abed and had no one but claimant to attend him."

The evidence to support plaintiff's claim was ample, but it would serve no purpose to reproduce more of it. Indeed, the circumstances themselves were potent corroborative evidence of the obligation. Here the plaintiff was not a relative by blood or marriage to the deceased and it would be strange indeed if she performed these long-drawn-out and tedious services gratuitously for a mere stranger, her landlord and well-to-do, who was abundantly able to pay for them.

And this seems to be all there is to write about in this lawsuit. Appellant conjures this court to "call a halt for once and all in this class of cases." Doubtless appellant merely means that claims upon dead men's estates should be scrutinized with care, not that they should be denied altogether. This duty we strive to perform; but when a jury has settled the issue of fact upon competent and sufficient testimony and the trial court has pronounced judgment accordingly, this court is bound to affirm the judgment when no plain, palpable, prejudicial error appears therein.